The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NANCY M. PACHAN, | ) | CASE NO. 09-64154 |
| | ) | |
| Debtor. | ) | ADV. NO. 10-6029 |
| | ) | |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| NANCY M. PACHAN, | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

    Chapter 7 trustee Anne Piero Silagy, the plaintiff (hereafter "Plaintiff") in this adversary, filed a motion to compel Defendant-debtor to respond to certain discovery requests, including interrogatories, admissions and requests for production of documents. Plaintiff's motion is brought pursuant to Federal Rules of Bankruptcy Procedure 7036 and 7037. Defendant responded to the motion, asserting that the requests had been satisfied. Plaintiff's reply admits receipt of the responses after the motion to compel was filed and maintains Plaintiff is still entitled to a portion of the relief requested in the motion to compel.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C.

157(b)(2)(J).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The basis of Plaintiff's motion is that Defendant failed to timely respond to the First Requests for Admissions, Interrogatories, and Requests for Production of Documents served on June 15, 2010. Defendant's answer to the requested discovery was due July 15, 2010. Plaintiff attempted to communicate with Defendant regarding the responses, as evidenced by a copy of an email dated July 21, 2010 and a letter dated July 27, 2010. The letter advises that if no response is received by August 3, 2010, Plaintiff will seek the court's intervention.

On July 22, 2010, Plaintiff filed a motion to extend the discovery period, citing the lack of response by Defendant as a partial basis for the extension. The court granted the motion, extending discovery through September 13, 2010. Defendant also submitted a motion to extend discovery, filed on July 23, 2010. The motion requests "more time to answer and prepare due to the sheer volume of documents . . . ." Defendant took no further action on the motion and did not obtain an extension for filing responses to the discovery propounded on June 15, 2010.

Plaintiff filed the motion to compel on August 11, 2010. She seeks an order compelling answers to the interrogatories and the production of requested documents. Additionally, Plaintiff wants admissions deemed admitted and compensation for the costs for filing the motion to compel.

Defendant filed an amended response to the motion to compel on August 18, 2010, asserting she provided responses to the discovery requests. No explanation for the untimeliness is provided, nor does the objection state when the responses were issued. Plaintiff's reply indicates the discovery responses were served by Defendant on August 11, 2010, but points out that the responses are not signed under oath by Defendant. Plaintiff wants admissions deemed admitted for Defendant's failure to timely respond to the request. She also seeks reimbursement of her costs for filing the motion to compel and reply.

## LAW

Before considering a motion to compel, the court requires compliance with Local Bankruptcy Rule 7026-1, which requires sincere effort to resolve the dispute without court intervention. The court finds Plaintiff made satisfactory efforts. It is impossible to resolve a dispute if the opposing side refuses to communicate.

Motions to compel are authorized under Federal Rule of Bankruptcy Procedure 7037, which incorporates Federal Rule of Civil Procedure 37. Based on the facts presented, the court finds that the motion to compel was warranted. Defendant responded to the requests only after Plaintiff filed a motion to compel. Defendant offered no explanation for her failure to timely

respond to the discovery, nor is an explanation given for her failure to communicate with Plaintiff. It appears the motion to compel was the catalyst for the discovery responses. As stated above, the court finds that Plaintiff has attempted to resolve this matter without court intervention. Defendant failed timely respond to the discovery requests without substantial justification and the court cannot find grounds to find that an award of expenses would be unjust. As a result, Plaintiff is entitled to costs under Rule 7037(a)(5)(A).

Plaintiff is now in possession of responses to the interrogatories and the requests for production of documents. However, the responses have not been verified. Defendant is instructed to provide appropriate verification of the responses. Failure to timely act to verify the responses will result in further court action.

Under separate authority of Rule 7036, Plaintiff asks the court to deem the admissions admitted for Defendant's failure to timely respond. Plaintiff requested nine admissions and Defendant admitted seven. Thus, two admissions, numbers five and nine, are at the heart of the request. Rule 7036(a)(3) is quite clear: if you fail to timely respond to an admission, it is deemed admitted. Consequently, admissions five and nine are deemed admitted.[1]

An order shall be issued immediately.

# # #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Melissa Joan Acayan
Rauser & Associates
401 W. Tuscarawas Street, NW
Suite #400
Canton, OH 44702

---

[1] The court notes the unsatisfactory response to the admission five under Rule 7036(a)(4). Defendant's response of "N/A" does not comply with the rule.