The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| NANCY M. PACHAN, | ) |
| | ) CASE NO. 09-64154 |
| Debtor. | ) |
| | ) ADV. NO. 10-6029 |
| | ) |
| ANNE PIERO SILAGY, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NANCY M. PACHAN, | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| Defendant. | ) |

On September 15, 2010, chapter 7 panel trustee Anne Piero Silagy ("trustee") filed a motion for summary judgment against debtor-defendant Nancy M. Pachan ("debtor"). This motion is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

# BACKGROUND

On October 7, 2009, the debtor filed a chapter 7 bankruptcy petition. On April 1, 2010, the trustee filed a complaint to deny the debtor her discharge pursuant to 11 U.S.C. § 727(a)(2). On June 15, 2010, the trustee served her first request for admissions, interrogatories and production of documents. A discovery dispute ensued. On October 25, 2010, the Court entered an order deeming all 9 of the trustee's requests for admission to be admitted. The following admissions are relevant to the Court's decision:

1. The debtor purchased the real property known as 7215 Moravian Trail, Uhrichsville, Ohio ("the property") with funds from an inheritance.

2. At the time that she entered into a separation agreement with her husband Arthur William Rowe on May 16, 2009, she was the sole owner of the property.

3. On June 4, 2009, she transfered the property to Mr. Rowe.

4. At the time of the transfer, the property was free and clear of liens and encumbrances.

5. She transferred the property without receiving adequate consideration.

On January 5, 2010, the trustee deposed the debtor at debtor's meeting of the creditors. During the deposition, the following exchange occurred:

> Debtor: ... In March I believe it was, I had an appointment with Rauser & Associates. My husband at the time still came with me to that hearing, to that meeting. And I remember the last question that he asked Justin Miller who was an associate of theirs at the time. If she got rid of her equity through a divorce, would the Bankruptcy Courts, could they do anything. And of course they said yes – no, you couldn't do anything. If I got – signed a separation agreement through the bankruptcy – through the Divorce Court, signed a separation agreement and let him have the property, that the Bankruptcy Courts couldn't do anything because they knew that we – I had to file bankruptcy because of all the debt I had.
>
> Trustee: So you knew at the time you were going in – during the divorce, you knew that at that time that you signed this separation agreement you were going to file bankruptcy; is that correct?
>
> Debtor: I believe I had already retained Rauser & Associates. Yes.

(Meeting of the Creditors at 7).

## STANDARD OF REVIEW

The procedure for granting summary judgment is found in Federal Rule of Civil Procedure 56(c), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7056, which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## LAW AND ANALYSIS

Section 727(a)(2) provides in pertinent part:

> The court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition . . . .

This section encompasses two elements: (1) a disposition of property, such as a transfer, within one year of the petition date and (2) a subjective intent on the debtor's part to hinder, delay, or defraud a creditor through the act of disposing of the property. Keeney v. Smith (In re Keeney), 227 F.3d 679, 683 (6th Cir. 2000). The plaintiff bears to burden of proof to a preponderance of the evidence regarding both elements. Id.

In this case, both elements are clearly met. Regarding the first prong, the debtor admits through the trustee's requests for admissions that a transfer was made within one year of the bankruptcy filing. Regarding the second prong, it is clear from the debtor's testimony at the meeting of creditors that the purpose of the transfer was to hide assets from the Court and from the debtor's creditors. This conclusion is further supported by the debtor's admission that she did not receive adequate consideration for the transfer.

The debtor argues that there is a question of fact regarding the debtor's intent in

connection with the transfer of the property. Specifically, she claims that she transferred the property to secure a speedy end to her allegedly abusive marriage. The problem with the debtor's argument is that she has *sworn under oath* that the purpose of the transfer was to defraud the Court and, by extension, her creditors. In light of this *direct* evidence of intent, debtor's argument is not credible.

Accordingly, the trustee's motion for summary judgment is granted and the debtor's discharge is denied.

An order will issue with this opinion.

\# \# \#

Service List:

Nancy M Pachan
7129 Moravian Trail Rd SE
PO Box 96
Uhrichsville, OH 44683

Anne Piero Silagy, Esq
Canton
220 Market Ave S
#900
Canton, OH 44702

Melissa Joan Acayan
Rauser & Associates
401 W. Tuscarawas Street, NW
Suite #400
Canton, OH 44702

Bruce R Schrader, II
Roetzel & Andress
222 S Main St
Suite 400
Akron, OH 44308